IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NOEMY PELLIGRINO<br><br>Plaintiff<br><br>v.<br><br>PUERTO RICO INTERNATIONAL SPEEDWAY, ET AL.<br><br>Defendants | CIVIL NO.:07-2058 (DRD/MEL) |

**REPORT AND RECOMMENDATION**

**I.  PROCEDURAL BACKGROUND**

On November 5, 2007 plaintiff, Noemy Pelligrino ("Pelligrino"), filed an amended complaint alleging claims negligence pursuant to Article 1802 of the Puerto Rico Civil Code, P.R. LAWS ANN., tit. 31, §§ 5141, against: (1) The New Salinas Puerto Rico International Speedway Corp. d/b/a Salinas Speedway and/or Puerto Rico International Speedway, Corp. ("International Speedway"); (2) Aileene Mudaford d/b/a/ Mudaford Extreme Sports & Motorsports ("Mudaford"); (3) Shoei Co., Ltd. ("Shoei"); (4) Helmet Pro; and (5) MAPRFE PRAICO ("MAPFRE"). (Docket 13 ¶¶ 4-37.) Pelligrino also alleged products liability claims against Shoei and Helmet Pro. Id. at ¶¶ 38-56. On June 6, 2008, Mudaford filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that: (1) defendant was not negligent because the certification from various racing organizations proved that defendant had complied with the relevant safety requirements; and (2) Pelligrino and her husband had signed a document releasing Mudaford from any liability for negligence. (Docket 21 at 6-9.) On June 18, 2008, International Speedway filed a motion to join the dispositive arguments of Mudaford's motion to dismiss. (Docket 22 at 4.) On July 14, 2008, Pelligrino filed an opposition

to the motion to dismiss claiming that: (1) it had properly alleged facts regarding defendants' noncompliance with relevant safety requirements; and (2) that alleged agreement releasing defendants from liability is too ambiguous to be enforced and was entered into through fraud and misrepresentation. (Docket 26 at 13-16.) On August 22, 2008, Mudafort filed a reply to the opposition to its motion to dismiss reiterating its contention that the document releasing it from liability is enforceable. (Docket 33.)

## II. FACTUAL ALLEGATIONS IN THE COMPLAINT

On or about November 12, 2006, Pelligrino's husband, William Pelligrino ("decedent"), participated in the Gran Final Campeonato Nacional ("the race") at the Salinas Speedway. (Docket 13 ¶ 14.) Plaintiff alleges that the Salinas Speedway was "owned, operated, rented, leased, maintained, repaired and otherwise controlled" by International Speedway and Mudafort. Id. at ¶ 14. The Salinas Speedway was required to meet the standards and requirements for racetracks set forth by the Federation de Motociclismo de Puerto Rico ("FMPR"), the Federation Internationale de Motocyclisme ("FIM"), and the International Automotive Federation ("IAF"). The minimum safety standards required by these associations included "maintaining a minimal width of 15 meters along the length of the straightaway for the length of the straightaway until the first curve; providing appropriate crash protection or other shock absorbent materials to protect riders from danger; providing a run off area between the track surface and the crash barriers; and maintaining an acceptable track surface without wash boarding."(Docket 13 ¶ 17.) International Speedway and Mudafort promoted the Salinas Speedway as a track that "met or exceeded the standards and

Pelligrino v. Puerto Rico International Speedway, et al.
Civil No. 07-2058 (DRD/MEL)
Report and Recommendation

requirements" mentioned above. Id. at ¶ 16.

Plaintiff alleges that defendants had notice that the Salinas speedway failed to meet the safety requirements set out above because the straightaway:

> was less than the minimum width of 15 meters along the length of the straightaway for the length of the straightaway until the first curve; there was not adequate crash protection or other shock absorbent materials to protect riders from danger at the point where the straightaway was less than 15 meters in width; there was no run off area between the track surface and the crash barriers to protect riders from danger at the area where the straightaway was less than 15 meters in width and there was a substandard track surface with wash boarding as the track turned into the straightaway that had less than the minimum width of 15 meters, thereby increasing the likelihood of the rider losing control while entering the straightaway without the minimum necessary width of the track to recover or crash protection.

Id. at ¶ 18-19.

Plaintiff further alleges that despite being on notice of the abovementioned noncompliance with safety regulations, neither International Speedway nor Mudafort warned riders using the Salinas Speedway of the same. Id. at ¶ 20. Plaintiff states that because of the "substandard track surface and design, [decedent] lost control of his motorcycle while turning into the straightaway." Id. at ¶ 23. Due to losing control of the vehicle, decedent sustained fatal injuries and plaintiff suffered economic and emotional damages. Id. at ¶ 26-28.

### III.  LEGAL ANALYSIS

**A. Fed. R. Civ. P. 12(b)(6) Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the court must limit its focus to the allegations of the complaint. Litton Indus., Inc. v. Colón, 587 F.2d

3

Case 3:07-cv-02058-DRD   Document 54   Filed 02/13/09   Page 4 of 9

Pelligrino v. Puerto Rico International Speedway, et al.
Civil No. 07-2058 (DRD/MEL)
Report and Recommendation

70, 74 (1st Cir. 1978). Specifically, the inquiry should be "whether a liberal reading of [the complaint] can reasonably admit of a claim . . ." Id. An evaluation of a motion to dismiss under Rule 12(b)(6) requires the court to "accept as true all well-pleaded factual averments and indulg[e] all reasonable inferences in plaintiff's favor. Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). Dismissal under Rule 12(b)(6) is appropriate if the facts alleged, taken as true, do not warrant recovery. Aulson, 83 F.3d at 3.

In order to survive a motion to dismiss, plaintiff must "set forth factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). Although all inferences must be made in plaintiff's favor, the court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson, 83 F.3d at 3.

The Supreme Court held in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), that in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007)(quoting Twombly, 127 S.Ct. at 1967). "While Twombly does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.' Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Torres v. Bella Vista Hosp., Inc., 523 F.Supp.2d 123, 133 (D.P.R. 2007), quoting Twombly, 127 S.Ct. at 1965 (citation omitted).

4

Pelligrino v. Puerto Rico International Speedway, et al.
Civil No. 07-2058 (DRD/MEL)
Report and Recommendation

### B. State Law Negligence Claims

Article 1802 of the Puerto Rico Civil Code provides for damages caused by a defendant's negligent behavior. It states that "[a] person who by act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann. tit. 31 § 5141. To state a claim for damages under this provision, the plaintiff must establish three elements: (1) a negligent or wrongful act or omission; (2) proof of damages; and (3) a causal connection between the damages and the action or omission. Vazquez-Filippetti v. Banco Popular de P.R., 504 F.3d 43, 49 (1st Cir. 2007) (citing Torres v. Kmart Corp., 233 F. Supp. 2d 273, 277-78 (D.P.R. 2002)); Ramallo Bros. Printing, Inc. v. El Día, Inc., 392 F. Supp.2d 118, 143 (D.P.R. 2005). Addressing the element of negligent of wrongful act or omission, the First Circuit has stated that the element would be satisfied by showing "the foreseeable risks created by defendant's acts or omissions." Id.

Article 4 of the Puerto Rico Civil Code provides that "[r]ights granted by the laws may be renounced, provided such renunciation be not contrary to law, to public interest or public order, or prejudicial to the interest of a third person." P.R. Laws Ann. tit. 31 § 4. The Puerto Rico Supreme Court has held that "[t]he waiver of rights set forth by art. 4 of the Code shall be clear, conclusive, and unequivocal. Even more so when dealing with agreements exculpating a person from liability for its future negligent acts." Chico v. Editorial Ponce, Inc., 1 P.R. Offic. Trans. 1036 (P.R. 1973). The Puerto Rico Supreme Court has further held that "agreements exempting from liability for negligence are not favored by the law...and should therefore be construed strictly against the party

5

relying on them to avoid liability, and if possible, their interpretation should be against exemption." Id. "Clear and explicit language" is necessary to uphold such agreements. Id.; see also Olivelli v. Sappo Corp., 225 F. Supp. 2d 109, 116 n.3 (D.P.R. 2002).

Mudafort and International Speedway argue that Pelligrino has failed to establish a negligent or wrongful action and that she and her husband executed a document releasing defendants from liability for any negligence related to the race. (See Docket 21; Docket 22.) Mudafort and International Speedway argue that the race could not have taken place without permits from the various racing organizations, thus ensuring compliance with the relevant safety requirements and precluding any negligent action. (See Docket 21 at 8; Docket 22 at 3.) Plaintiff, however, specifically alleges that "the Salinas Speedway failed to meet the standards and requirements for racetracks set forth by the [FMPR], the [FIM] and the [IAF]" and details the manner in which the Salinas Speedway was deficient. (Docket 13 ¶¶ 18-19.) Under the Fed. R. Civ. P. 12(b)(6) standard, the undersigned is required to "accept as true all well-pleaded factual averments and indulg[e] all reasonable inferences in plaintiff's favor. Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)).

Although the issue of safety regulation compliance may be revisited at the summary judgment stage of the proceedings, the factual allegations in the complaint regarding that issue must be taken as true for the purpose of deciding the present motion. See id. Plaintiff alleges that International Speedway failed to comply with the safety requirements imposed by various international racing organizations, thus alleging an act or omission on the part of these defendants.

6

Pelligrino v. Puerto Rico International Speedway, et al.
Civil No. 07-2058 (DRD/MEL)
Report and Recommendation

(See Docket 13 ¶¶ 18-19.) Furthermore, plaintiff specifically alleges that at least one requirement was "to protect riders from danger," thus creating a reasonable inference that danger to riders was a foreseeable risk of noncompliance with the safety requirements. See id. at ¶ 17. Therefore, the complaint states a negligent or wrongful action or omission sufficient to raise a plausible entitlement to relief under Puerto Rico Law and the motion to dismiss on this ground should be denied. See Vazquez-Filippetti, 504 F.3d at 49.

International Speedway and Mudafort also argue that plaintiff and decedent released them from liability for any negligence associated with the race. (Docket 21 at 8-12; Docket 22 at 2-3.) Both International Speedway and Mudafort proffer a document alleged to be an agreement executed by plaintiff and decedent releasing them from any liability for negligence. (See Docket 21-2; Docket 22-2.) A court may not typically consider documents other than the complaint or documents "not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Velazquez Arroyo v. MCS Life Ins. Co., 418 F. Supp. 2d 11, 14 (D.P.R. 2006). The First Circuit has held that "[t]here is, however, a narrow exception 'for documents the authority of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" Alternative Energy, Inc., 267 F.3d at 33 (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). The First Circuit has further stated that "[w]hen the complaint relies upon a document, whose authenticity is not challenged, such a document 'merges into the pleadings' and the court may properly consider it under a Rule 12(b)(6)

motion to dismiss." Id. (citing Beddall v. State St. Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998); Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000).

In the present case, there is no question that the document proffered is not an official public record and is not referred to in the complaint. (See Docket 13.) Although the document may be central to determining liability in the case, the enforceability of the document is disputed by the parties. (See Docket 26.)[1] Furthermore, there are noticeable omissions in the document, such as the absence of an identification of the parties released from liability, a description of the event for which reliability was to be released, and a description of the location where the event was to occur. (See Docket 21-2; Docket 22-2.) The dispute as to the enforceability of the document as well as the aforementioned omissions could lead to issues, the resolution of which would be more appropriate at the summary judgment stage of the proceedings. See Velazquez Arroyo, 418 F. Supp. 2d at 14 (excluding attachments to a motion to dismiss regarding a health plan agreement on similar grounds).

### IV. CONCLUSION

For the reasons explained above, the motion to dismiss filed by Mudafort and joined by International Speedway, (Docket 21; Docket 22), should be DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4, 6-7

---

[1] Pelligrino claims in her opposition to the motion to dismiss that the document is not enforceable under Puerto Rico law and was entered into through fraud and misrepresentation. (Docket 26 at 6.)

8

<u>Pelligrino v. Puerto Rico International Speedway, et al.</u>
Civil No. 07-2058 (DRD/MEL)
<u>Report and Recommendation</u>

(1st Cir.1986).

  In San Juan, Puerto Rico, this 13th day of February, 2009.

            <u>s/Marcos E. López  </u>
            U.S. MAGISTRATE JUDGE